## NEWTON *v.* THE STATE.

On an indictment for using opprobrious words tending to cause a breach of the peace, it is no defence that the accused had been told by his wife, or by her and another person, that the individual to whom the opprobrious words were addressed had insulted her or used insulting language in speaking to her, there being no evidence other than these declarations that any insult had in fact been given or any insulting language used to the wife.

June 4, 1894. *Judgment affirmed.*

Indictment for using opprobrious words. Before Judge TURNBULL. City court of Floyd county. December term, 1893.

The testimony showed, that two women (one of them defendant's wife) passed a witness, who asked them

where they got the apples they were eating.  They replied, in the orchard.  Witness then asked defendant's wife, if defendant "got his fruit by moonlight," meaning no reference to her condition, but joking about defendant stealing fruit.  A day or two afterwards, defendant asked witness why he had insulted his wife, and witness replied he was only joking with her.  Defendant thereupon cursed and abused him, using the words laid in the indictment.  In his statement defendant claimed that his wife informed him that the witness had insulted her by an improper proposal; and further, that she was pregnant when the insult was given.  The court was requested to charge the jury, that if defendant acted upon the belief that her statement to him was true, he had a right to believe her, and then it would be a question for the jury whether the words used to her justified the use of the language set out in the indictment.  Upon the denial of this request error was assigned.

GEORGE A. H. HARRIS, for plaintiff in error.
W. J. NUNNALLY, solicitor-general, contra.